IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD N. DIEUDONNE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1523 |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| KERRI CROSS | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that the claims against Defendant be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), as they are frivolous and fail to state a claim for which relief can be granted.

### II. REPORT

Plaintiff Ronald N. Dieudonne ("Plaintiff") is a State prisoner presently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), in LaBelle, Pennsylvania. Plaintiff brings this suit against Defendant pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that Defendants violated his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution by subjecting him to a constitutionally-deficient misconduct hearing process when he was accused of threatening a psychologist at SCI-Fayette and engaging in an unauthorized group activity. See Compl. (Doc. 6) at 2 and 4; see also Continuation of Compl. (Doc. 6-1) at 1. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on December 3, 2010.

A. Relevant Factual History

Plaintiff's recitation of the facts underlying his claims is as follows. On June 1, 2010, a psychologist at SCI-Fayette issued a misconduct report to Plaintiff, claiming that Plaintiff had threatened his life and used abusive language toward him.[1] See (Doc. 6) at 2. On June 9, 2010, Plaintiff participated in a misconduct hearing regarding the incident, which was officiated by Defendant.[2] Id. During this hearing, Plaintiff pleaded not guilty, and presented his account of the incident, claiming that a different inmate, by the name of Acey Reavis, actually had made the threats. Id.; (Doc. 6-1) at 4. In support of his case, Plaintiff submitted an affidavit in which Mr. Reavis admits to having made the threats – although he asserts that Defendant did not read it. (Doc. 6) at 2; (Doc. 6-1) at 8. Additionally, Plaintiff attempted to call Mr. Reavis as a witness several times during the misconduct proceeding, but Defendant refused to allow Mr. Reavis to testify, opining that his testimony was "not needed to establish guilt [or] innocence." (Doc 6-1) at 4-5.

The psychologist appeared at the hearing as well, and "stated that he observed [Plaintiff] at [his] cell yelling threats to him . . . ." (Doc. 6-1) at 5. At the conclusion of the misconduct hearing, Defendant, claiming to have found the testimony of the psychologist to be more credible than that of Plaintiff, found Plaintiff guilty of the misconduct, and sentenced him to 60 days in the Restricted Housing Unit. Id. at 5; (Doc. 6) at 2.

---

[1] The offending statement that Plaintiff was accused of making was "when I get out of here, I'm going to find out where you live. I'm going to kill you. Asshole." (Doc. 6-1) at 2.

[2] Plaintiff's claims, and the factual allegations on which they are based, appear to be almost identical to claims and facts that he raised in a previous case, which was dismissed preservice on October 21, 2010. Compare Dieudonne v. Cross, No. 10-1038, slip op. (W.D.Pa. Oct. 21, 2010). This Court makes note of this fact, not in order to analyze this complaint under the doctrine of res judicata (which would likely be improper at this stage in the litigation – see Brody v. Hankin, 145 Fed.Appx 768, 773 (3d Cir. 2005)), but to note that the analysis by this Court in that case would be applicable here.

2

Plaintiff complains of a similar incident, when, on September 8, 2010, Plaintiff was found guilty by Defendant of engaging in an unauthorized group activity. (Doc. 6) at 2. While Plaintiff does not indicate a great deal of facts regarding this incident in his complaint, he does submit documents from his misconduct hearing and subsequent appeals, which indicate that he was able to present his version of the occurrence at a hearing. (Doc. 6-1) 16-18. Plaintiff was found guilty of this misconduct as well, and all appeals with respect to it affirmed Defendants' findings.[3] Id. at 18-26.

B. Standard of Review

Because Plaintiff proceeds IFP, it is necessary for this Court, pursuant to 28 U.S.C. § 1915, to examine, *sua sponte*, Plaintiff's claims for legal sufficiency. Specifically, Section 1915 (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 Fed.Appx. 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D.Pa. Feb. 26, 2009) (Cercone, J.).

---

[3] Plaintiff also includes with his complaint the records of misconduct proceedings for two other inmates, presumably in an attempt to bolster his case. (Doc. 6-1) at 27-36. These are irrelevant to the factual assertions made with respect to the alleged injury suffered by Plaintiff. Furthermore, to the extent that he attempts to recover for the potential deprivation of the constitutional rights of others, Plaintiff lacks standing.

When adjudicating a 12(b)(6) motion, a court must accept as true all allegations of the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the Plaintiff. See Angelastro v. Prudential-Bache Sec, Inc., 764 F.2d 939, 944 (3d Cir. 1985). However, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004). Nor must a court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

Additionally, this Court must dismiss a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This is not to say that the Supreme Court requires "heightened fact pleading of specifics . . . ." Id. at 570. However, "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. The Court has made it clear that the requirement that pleadings must be facially plausible, as expressed in Twombly, applies to all civil suits in the federal courts. See Ashcroft v. Iqbal, 556 U.S. ____, 129 S.Ct. 1937 (2009).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

4

C. Analysis

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: First, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendants' conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

1. Fourteenth Amendment Due Process

Plaintiff clearly alleges facts that, if proven true, would indicate that Defendant's adjudication of Plaintiff's misconduct hearings was done "under color of state law," thus satisfying the first requirement necessary to state a claim under Section 1983. However, the facts, as alleged by Plaintiff, do not rise to the level of a constitutional violation. Specifically, all that is constitutionally required of a prison misconduct proceeding is that the inmate be afforded an opportunity to be heard and to defend against misconduct charges. Smith v. Mensinger, 293 F.3d 641, 653-654 (3d Cir. 2002). Additionally, in order to satisfy due process, a prison misconduct hearing officer is merely required to base his or her decision on "some" supporting evidence. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if some evidence supports decision by disciplinary board to issue sanctions).

The documents submitted by Plaintiff in support of his complaint show that Plaintiff was allowed to present his interpretation of the events of June 1, 2010, and September 8, 2010, at his

misconduct hearings.[4] See (Doc. 6-1) at 4-5, 18-19. Furthermore, according to Plaintiff's allegations, the psychologist clearly identified Plaintiff during the misconduct hearing as being the person who made the threats in question. Id. at 5. The psychologist's testimony contradicted Plaintiff's defense, and Defendant found him to be the more credible witness. Id. Thus, in spite of Plaintiff's testimony and supporting evidence, there was certainly "some" evidence sustaining the misconduct with which Plaintiff was charged, which is enough to satisfy Defendant's obligations under the constitution.

The same may be said of Plaintiff's September 8, 2010, hearing. Id. at 18-19. Plaintiff presented his version of the event. Plaintiff admitted to engaging in the unauthorized event, and Defendant found that his testimony regarding not obeying an order to be incredible. Id. at 18-19.

Plaintiff additionally contends is that he was not permitted to call a witness at his June 9, 2010, hearing. See (Doc. 6) at 2. In the context of a prison disciplinary hearing, the Fourteenth Amendment's guarantee of due process requires the examiner to grant the prisoner "an opportunity, when consistent with safety and correctional goals, to call witnesses and present documentary evidence in his defense." Walpole v. Hill, 472 U.S. 445, 454, (1985). These protections are relaxed in situations where the inmate is faced with something less than the loss of a liberty interest.[5] Flanagan v. Shively, 783 F. Supp. 922, 930 (M.D.Pa.) aff'd 980 F.2d 772 (3d Cir.1992). However, disciplinary hearings are not part of the criminal prosecution and are intended to be informal and expeditious. Id. Therefore, the right to call witnesses is a limited

---

[4] Furthermore, this Court takes judicial notice of the fact that, in Plaintiff's prior lawsuit, Plaintiff specifically averred being able to present his side of events at the June 9, 2010 misconduct hearing. See Compl. Dieudonne v. Cross, No. 10-1038 (Doc. 5) at 2-3 (W.D.Pa. filed Aug. 6, 2010).

[5] Administrative confinement, in and of itself, generally does not constitute the "loss of a liberty interest" necessary to create a cause of action under Section 1983. Smith v. Mensinger, 293 F. 3d 641, 653 (citing Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000)).

one constrained by reasonable institutional concerns including, but not limited to, safety, order, and retaliation. Officials must explain at some point, why they refused the request to call witnesses. Ponte v. Real, 471 U.S. 491, 497, (1974). An unfavorable decision is not the same as a denial of due process. Griffin v. Spratt, 768 F. Supp. 153, 158 (E. D. Pa.1991) rev'd in part on other grounds, 969 F.2d 16 (3d Cir.1992).

Here, Defendant has provided reasons for not permitting the testimony of Plaintiff's witness – i.e., that his testimony was not necessary to determine Plaintiff's guilt or innocence. (Doc. 6-1) at 5. Thus, an explanation has been provided and, consistent with the wide discretion granted prison officials, this is sufficient. Wolff v. McDonnell, 418 U.S. 539, 566 (1974).

Plaintiff does not allege that he was denied the ability to call witnesses at his September 13, 2010, misconduct hearing, nor do the documents he submitted with his complaint indicate that he attempted to do so. (Doc. 6-1) at 17.

Plaintiff's complaint, as it is filed, has failed to state a claim against Defendant Cross. Upon examination of his complaint, along with the documentary evidence that Plaintiff has submitted to the Court along with it,[6] it is apparent that no opportunity for Plaintiff to amend his pleadings would elicit the allegation of facts necessary to state a claim against Defendant. As such, Plaintiff's complaint with respect to Defendant Cross should be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[6] When ruling on a 12(b)(6) motion, a court may take into consideration information in addition to the complaint, such as "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

### 2. Sixth Amendment

Plaintiff makes an oblique implication that his inability to call witnesses at his June 9, 2010, disciplinary hearing violated his rights under the Sixth Amendment. (Doc. 6-1), at 1. This argument is unpersuasive, as prison disciplinary hearings do not implicate the Sixth Amendment. See, e.g., Carey v. Johnson, No. 06-1578, 2008 WL 724101, at *5 (W.D.Pa. Mar. 17, 2008) (McVerry, J.). Consequently, to the extent that Plaintiff argues that Defendant's alleged acts violate the Sixth Amendment, his claim should be dismissed. Additionally, as it appears that the grant of leave to amend with respect to this claim would be futile as a matter of law and, thus, such leave should be denied.

### 3. Eighth Amendment

Plaintiff makes the bald assertion in his complaint that Defendant's actions somehow violated his rights under the Eighth Amendment to the United States Constitution. The Eighth Amendment protects individuals from the infliction of "cruel and unusual punishments." It guarantees humane conditions of confinement and, consequently, requires prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). In order to state a claim under the Cruel and Unusual Punishment Clause of the Eighth Amendment, an inmate must show that 1) he suffered a risk of "serious" harm; and 2) prison officials showed "deliberate indifference" to this risk. Farmer, 511 U.S. at 834.

The first element is satisfied when the alleged "punishment" is "objectively sufficiently serious." Id. In order to make this determination, "courts must consider not only the seriousness

of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency." Walker v. Campbell, No. 09-282, 2010 WL 2891488, at *4 (W.D.Pa. May 4, 2010). The prisoner must show that the risk at issue is one that is intolerable in modern society. Helling v. McKinney, 509 U.S. 25, 35 (1993).

The second element of an Eighth Amendment claim – deliberate indifference – requires an inmate to show that a prison official had a sufficiently culpable state of mind. This standard has been defined as requiring that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Nothing in the complaint approaches, or even implies, that Defendant engaged in conduct that would implicate the Eighth Amendment under the above standard. Plaintiff's Eighth Amendment claim is the very definition of frivolity, and therefore should be dismissed *sua sponte*. Additionally, as it appears that the grant of leave to amend with respect to this claim would be futile as a matter of law and, thus, such leave should be denied.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed, *sua sponte*, in light of Plaintiff's failure to state a claim for which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until

9

January 24, 2011, to file objections to this report and recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: January 10, 2010

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
**RONALD N. DIEUDONNE**
FR1261
50 Overlook Dr.
La Belle, PA 15450